No. 14,672.

O'BYRNE *v.* STIRN, RECEIVER ET AL.

(103 P. [2d] 13)

Decided April 22, 1940. Rehearing denied June 3, 1940.

Mr. WILLIAM H. SCOFIELD, Mr. ALBERT T. FRANTZ, for plaintiff in error.

Messrs. BLAKE & BLAKE, Mr. LEROY J. WILLIAMS, Mr. J. D. DOYLE, Mr. FRED L. COLLOM, Messrs. PERSHING, NYE, BOSWORTH & DICK, Mr. WINSTON S. HOWARD, Mr. JOHN W. SHIREMAN, NORMA L. COMSTOCK, Mr. SAMUEL S. GINSBERG, Mr. FRANK L. JONES, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS matter was before us formerly on a petition for stay of execution (No. 14,630). We denied the petition without prejudice to petitioner "to proceed in the forum of the receivership matter as he may be advised."

The trial court sustained a demurrer to the "amended supplemental petition to try title," and, plaintiff in error electing to stand on his petition, the trial court entered judgment of dismissal.

The petition alleges that petitioner is the owner of certain mining claims; that on a day certain he leased the premises under an agreement which provided, inter alia, that upon breach of the terms of the lease, and notice of forfeiture, if any machinery which had been placed on the premises by the lessee was not removed by him within sixty days after notice of forfeiture it should become the property of the lessor; that certain machinery had been placed on the premises; that defaults had occurred; that notice of forfeiture had been served; that the sixty-day period thereafter had elapsed, and that by reason of such forfeiture, title to the machinery immediately vested in petitioner.

■ Ordinarily, this would state a cause of action and we would be limited exclusively to a consideration of the petition itself, but since the record in case No. 14,630,

to which reference is made above, affirmatively disclosed that the receiver had assumed possession and control of the property involved, and our order directed further procedure in the receivership forum, the trial court was not only justified in considering, but it was bound to consider, matters dehors the petition, in disposing of it. All of these matters are before us, and while there is a request to strike that part of the record which discloses the defenses to the petition, in view of our former action we have considered the whole record and dispose of assigned error on that basis.

■ Since the record discloses that the machinery here involved was subject to mechanic's liens in favor of some of the defendants in error, which liens had been foreclosed, and the proceeds of the sale were insufficient to satisfy the lien claims, nothing remains in the hands of the receiver upon which plaintiff in error could have recourse. The mechanic's lien law, section 19, chapter 101, '35 C.S.A., C.L. §6446, provides that owner's interest in a mill shall be subject to the lien "unless such owner or person, shall, within five days after he shall have obtained notice of the erection, construction, alteration, removal, addition, repair or other improvement, aforesaid, give notice that his interests shall not be subject to any lien for the same. * * *."

Under the circumstances the petition was vulnerable to a general demurrer for insufficient allegation of facts; i.e., for failure to state compliance with the requirements of the above statute and that the machinery, or the proceeds from the sale thereof over and above that of the lien claimants, remained in the hands of the receiver subject to petitioner's claims. The argument that the mechanic's liens are subject to the terms of the lease is answered by the quoted statute. We do not pass on the question of whether the mechanic's liens attached to the fee ownership of the premises, but they unquestionably attached to the mill and power unit involved here. *Grimm v. Yates*, 58 Colo. 268, 145 Pac. 696.

■ The conclusion of the trial court being correct, his reasons therefor are immaterial, and no good purpose would be served by discussing them.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.